UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY HORTON,

                              Plaintiff,                    **ORDER**

              -against-                                     25-CV-06315 (PMH)

MARY ASHONG, et al.,

                              Defendants.

PHILIP M. HALPERN, United States District Judge:

On July 28, 2025, Anthony Horton ("Plaintiff") commenced this action *pro se* and *in forma pauperis* against Mary Ashong, Dr. Mark Stillman, Billie Tuahy, Susanna Nayshuler, Carol A. Moores, and John Serhan ("Defendants"), alleging that Defendants violated his constitutional rights. To date, Defendants have not been served; service is currently due February 2, 2026.

On January 6, 2026, Plaintiff's application requesting that the Court appoint *pro bono* counsel was docketed. (Doc. 23). Plaintiff requests the appointment of *pro bono* counsel at this juncture because, among other things, Plaintiff is "confined to S.H.U., which greatly prohibits/hinders [his] access to [the] Law Library . . . ." (*Id.*).

The Second Circuit Court of Appeals, in *Hodge v. Police Officers*, set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d 58 (2d Cir. 1986). Applying the *Hodge* factors, the Court cannot determine at this point whether Plaintiff's claims are "likely to be of substance." *Id.* at 61-62. Further, while Plaintiff claims that he is unable to "investigate the crucial facts" of his case due to his confinement in S.H.U., the other Hodge factors weight against granting Plaintiff's application. Plaintiff has not shown: (1) that cross-examination "will be the major proof presented to the fact finder," (2) that this matter will involve complex legal issues, or (3) why appointment of counsel would be more

likely to lead to a just determination herein. *Id.* Though Plaintiff does not possess legal training, "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-06061, 2012 WL 1142452, at \*1 (S.D.N.Y. Apr. 4, 2012). Here, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Greenland v. Municipality of Westchester Cnty.*, No. 18-CV-03157, 2020 WL 4505507, at \*4 (S.D.N.Y. Aug. 4, 2020) (citation modified).

### CONCLUSION

For the foregoing reasons, Plaintiff's request for the appointment of pro bono counsel (Doc. 23) is denied without prejudice to renewal later in the case. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully requested to: (1) terminate the application pending at Doc. 23; and (2) mail a copy of this order to Plaintiff.

**SO ORDERED.**

Dated:    White Plains, New York
        January 9, 2026

PHILIP M. HALPERN
United States District Judge

2