UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY HORTON,<br><br>Plaintiff,<br><br>-against-<br><br>MARY ASHONG, et al.,<br><br>Defendants. | **ORDER**<br><br>25-CV-06315 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Anthony Horton ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced this action against Mary Ashong, Dr. Mark Stillman, Billie Tuohy, Susanna Nayshuler, Carol A. Moores, and John Serhan ("Defendants") on July 28, 2025. (Doc. 1). Plaintiff filed a motion to amend his complaint (Doc. 56) and proposed amended complaint (Doc. 55) on August 27, 2026. The Court directed that Defendants respond to Plaintiff's motion to amend his complaint (Doc. 57) and Defendants filed a response (Doc. 58). Defendants oppose Plaintiff's request to amend his complaint to the extent that Plaintiff's proposed amended complaint seeks a declaratory judgment. (*See* Doc. 58). Defendants also request that the Court dismiss Defendants Ashong, Tuohy, Nayshuler, Moores, and Stillman from this action, as Plaintiff's proposed amended complaint does not name them as defendants. (*See id.*). For the reasons set forth below, Plaintiff's application to amend his complaint is granted.

Federal Rule of Civil Procedure 15 allows amendment of a pleading, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Defendants filed and served a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) on July 22, 2026, over 21 days ago. (Doc. 50; Doc. 51; Doc. 52; Doc. 53). However, Plaintiff may still amend

his complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The Court, in deciding whether to grant leave to amend, should consider factors such as "undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1963)).

Defendants have not expressly consented to Plaintiff's request to amend his complaint, but the Court finds that "justice so requires" allowing Plaintiff to amend his complaint. Plaintiff filed his motion to amend prior to the conclusion of briefing on Defendants' motion to dismiss and there is no evidence that Plaintiff seeks leave to amend in bad faith. *See Acevedo v. City of New York*, No. 24-CV-00558, 2025 WL 3525068, at *2 (S.D.N.Y. Dec. 9, 2025) ("Plaintiff filed his amended complaint before briefing on the motion to dismiss had concluded, and there is no indication that he has filed in bad faith."). Further, there is little to no prejudice to Defendants in granting Plaintiff leave to amend. Plaintiff's proposed amended complaint removes all Defendants except for Defendant Serhan from this action. (*See* Doc. 55). And Plaintiff's proposed amended complaint is not futile. Plaintiff cures many of the deficiencies in his complaint raised in Defendants' motion to dismiss. "This is the first time Plaintiff has had an opportunity to amend with any notice of possible deficiencies as to his claims against the . . . Defendants." *Acevedo*, 2025 WL 3525068, at *2 (citing *Han v. Fin. Supervisory Serv.*, No. 23-CV-05451, 2025 WL 588078, at *1-2 (S.D.N.Y. Feb. 24, 2025)). This is also Plaintiff's first request to amend his complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.").

Accordingly, Plaintiff's request to amend his complaint (Doc. 56) is granted. Plaintiff's proposed amended complaint (Doc. 55) is deemed the operative complaint, and the amended complaint is deemed filed and served as of the date of this Order.

In light of the Court granting Plaintiff leave to amend, Defendants' pending motion to dismiss (Doc. 50) is denied as moot. This Order is without prejudice to Defendants' argument concerning Plaintiff's request for declaratory relief.

Defendant Serhan's request to set his deadline to respond to Plaintiff's amended complaint as thirty days from the entry of this Order is granted. Defendant Serhan shall answer or otherwise respond to the amended complaint on or before October 9, 2026.

The Clerk of Court is respectfully requested to terminate the motions pending at Docs. 50 and 56, and mail a copy of this Order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 9, 2026
White Plains, New York

HON. PHILIP M. HALPERN
United States District Judge