UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY HORTON,

Plaintiff,

-against-

JOHN SERHAN,

Defendant.

**ORDER**

25-CV-06315 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Anthony Horton filed a letter (Doc. 66) requesting that the Court seek to appoint him *pro bono* counsel. For the reasons set forth below, Plaintiff's application is denied.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id*. Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must

first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Hodge*, 802 F.2d at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing the factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## **DISCUSSION**

Plaintiff applied for and was granted leave to proceed *in forma pauperis*. (*See* Docs. 2, 6). Plaintiff therefore qualifies as indigent. However, the other *Hodge* factors weigh against granting Plaintiff's application. Plaintiff asserts a claim under 42 U.S.C. § 1983 against Defendant. (*See* Doc. 55). The Court notes that Defendant has not yet responded to the Amended Complaint. At this juncture, "the Court cannot determine at this point whether Plaintiff's claim is 'likely to be of substance.'" *Rodriguez v. Burnett*, No. 22-CV-10056, 2025 WL 1394043, at *2 (S.D.N.Y. Apr. 23, 2025). Furthermore, Plaintiff has not sufficiently shown: (1) that he is unable to investigate the crucial facts or present his case; (2) that cross-examination "will be the major proof presented to the fact finder"; (3) that this matter will involve complex legal issues; or (4) why appointment of counsel would be more likely to lead to a just determination herein. *Hodge*, 802 F.2d at 60-61.

Plaintiff's claim also is "not so complex or unique that a person of Plaintiff's intelligence would be unable to handle [it] at this stage." *Greenland v. Municipality of Westchester Cnty.*, No. 18-CV-3157, 2020 WL 4505507, at *4 (S.D.N.Y. Aug. 4, 2020) (quoting *Mena v. City of New York*, No. 12-CV-00028, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013)).

## CONCLUSION

For the foregoing reasons, Plaintiff's application for *pro bono* counsel (Doc. 66) is denied without prejudice to a renewed application later in the case.

Plaintiff is advised that, to the extent he wishes to consult with the City Bar Justice Center's clinic for *pro se* litigants, he may do so by visiting its website at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/, or by calling (212) 382-4794. This clinic, which is neither part of nor run by the Court, assists *pro se* litigants with federal civil cases.

The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. 66 and mail a copy of this Order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: White Plains, New York
October 1, 2026

Philip M. Halpern
United States District Judge